ZACHARY CROSNER (SBN 272295)
MICHAEL CROSNER (SBN 41294)
CROSNER LEGAL, P.C.
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Tel. (310) 496-5818
Fac. (818) 700-9973

Attorneys for Plaintiff CHARLES DAWSON

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CHARLES DAWSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>    vs.<br><br>ONE CALL MEDICAL, INC. DBA ONE CALL CARE MANAGEMENT, a New Jersey corporation; ALIGN NETWORKS, a Florida corporation; RONE BALDWIN, an individual; and DOES 1-50, Inclusive,<br><br>        Defendants. | CASE NO. 3:20-cv-01188-LAB-KSC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**GENERAL ALLEGATIONS**

1. Plaintiff CHARLES DAWSON is an individual residing in the State of California.

2. Defendant ONE CALL MEDICAL, INC. DBA ONE CALL CARE MANAGEMENT, ("ONE CALL") is a Florida corporation duly licensed to conduct business in the State of California. Defendant, ONE CALL MEDICAL, INC. DBA ONE CALL CARE MANAGEMENT, picks up patients and take them to their various doctors' visits

3. Defendant ALIGN NETWORKS is a Florida corporation duly licensed to conduct business in the State of California. Defendant, ALIGN NETWORKS, was acquired by ONE CALL.

4. On information and belief, Defendant RONE BALDWIN is a natural person residing in the State of Florida and is, and at all relevant times has been, the owner, director, officer, employee, and/or managing agent of Defendant ONE CALL MEDICAL, INC., DBA, ONE CALL CARE MANAGEMENT, and had direct control and power over the working conditions and the violations at issue in this Complaint and at all relevant times was acting on behalf of Defendant ONE CALL MEDICAL, INC., DBA, ONE CALL CARE MANAGEMENT, policies at issue in this complaint and "caused" these violations to occur and, under Labor code §§ 558.1 and 1197.1, RONE BALDWIN may be held liable as the employer for such violations.

5. This court possesses original subject matter jurisdiction over this matter. Venue is proper in this judicial district because Defendants are foreign corporations without a designated principal place of business in California. Additionally, venue is proper in this judicial district because Defendants transact business in this district, and some of the complained of conduct occurred in this judicial district.

6. The City of Los Angeles has adopted the "Los Angeles Minimum Wage Ordinance (LAMWO)," which is codified as Article 7 of Chapter XVIII of the Los Angeles Municipal Code.

7.  The LAMWO requires payment of a "Wage" of no less than the hourly rates set under the authority of the Article. The minimum hourly rate effective July 1, 2016 for an "Employer" with 26 or more "Employees" pursuant to section 187.02 of Article 7 of Chapter XVIII of the Los Angeles Municipal Code was $10.50, and was increased on July 1, 2017 to $12.00. Effective July 1, 2018, the minimum hourly rate was increased to $13.25, and was increased again on July 1, 2019 to $14.25.

8.  The LAMWO also mandates that "Employers" must provide sick leave either: 1) by providing the entire 48 hours to an employee at the beginning of each year of employment, calendar year, or 12-month period; or 2) by providing the employees one hour of sick leave per every 30 hours worked. Accrued or unused sick leave shall carry over to the following year of employment and may be capped at 72 hours.

9.  Defendants are and at all times material herein have been an "Employer" within the meaning of section 187.01 of Article 7 of Chapter XVIII of the Los Angeles Municipal Code, which defines "Employer" as any person as defined in Section 18 of the California Labor Code, including a corporate officer or executive, who directly or indirectly or through an agent or any other person, including through the services of a temporary service or staffing agency or similar entity, employs or exercises control over the wages, hours or working conditions of any Employee.

10. Plaintiff and the Class Members as misclassified independent contractors qualify as "Employees" within the meaning of section 187.01 of Article 7 of Chapter XVIII of the Los Angeles Municipal Code, which defines "Employee" as any individual who in a particular week performs at least two hours of work within the geographic boundaries of the City for an Employer; and Qualifies as an Employee entitled to payment of a minimum wage from

3

any Employer under the California minimum wage law, as provided under Section 1197 of the California Labor Code and wage orders published by the California Industrial Welfare Commission.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff was employed by Defendants from 2011 until the present as a patient driver. Plaintiff brings this action as a class action under Code of Civil Procedure section 382 on behalf of himself and all others similarly situated. The class Plaintiff seeks to represent is defined as follows: "All individuals employed by Defendants as a non-exempt drivers or similar position, however titled, in California at any time within the four years prior to the filing of the initial complaint."

12. <u>Ascertainable Class.</u>  The proposed class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

13. <u>Common Questions of Law and Fact.</u>  This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether Defendants properly calculated and paid all amounts due to the Class Members for wages earned, including minimum and overtime wages, (2) whether Defendants violated the California Labor Code and/or IWC Wage Orders by withholding wages, including minimum and overtime wages, from the Class Members, (3) whether Defendants provided Plaintiff and the Class Members with all required meal and rest breaks, or compensation in lieu thereof, under California law, (4) whether Defendants provided the Class Members with proper, itemized wage statements, (5) whether Defendants timely paid the Class Members all wages due upon termination of employment, (6) whether Defendants' failure to timely pay all wages due upon termination of employment was willful, and (7) whether Defendants' failed to reimburse work related expenses, (8) whether Defendants violated California Business and Professions Code §§ 17200, <u>et seq.</u>

14. <u>Numerosity.</u>  The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of Class

Members is unknown to Plaintiff, Plaintiff is informed and believes the class consists of at least 100 individuals.

15. <u>Typicality.</u> Plaintiff's claims are typical of the claims of the Class Members. Plaintiff suffered a similar injury as the other Class Members as a result of Defendants' common practices regarding, inter alia, calculation and payment of wages, including minimum and overtime wages, failure to provide meal breaks or compensation in lieu thereof, failure to reimburse expenses, provision of wage statements, and payment of wages due upon termination. In addition, Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has no interests adverse to the interests of the other Class Members.

16. <u>Superiority.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## FACTUAL BACKGROUND

17. During four-year period preceding filing of this complaint, Plaintiff and each of the class members worked for Defendants in the State of California as "patient driver" or other similar titles, picking up patients and take them to their various doctors' visits. Plaintiff and each of the class members would wait in the parking lot of the doctors' and drive the patient back home. At all relevant

1  times, Defendants treated Plaintiff and the class members as independent contractors rather than employees.

18. While he worked for Defendants as a patient driver, Plaintiff actually was an employee under California law, in that: (1) he was not free from Defendants' control and direction in the performance of the work, both under the contract for the performance of the work and in fact; (2) the work he performed work was entirely within the usual course of the Defendants' business of driving patients to and from doctors' visits; and (3) at no time was Plaintiff customarily engaged in an independently established trade, occupation, or business of the same nature as the work he performed for Defendants.

19. Defendants improperly classified him as an independent contractor rather than as an employee, he was not properly and fully compensated for all hours worked, as he was not paid for all hours worked such as travel time, rest breaks, and other non-productive time, including mandatory meetings. Defendants also did not provide Plaintiff a duty-free, uninterrupted thirty-minute meal periods when he worked more than five and 10 hours in a workday. Despite failing to provide Plaintiff and the class members with meal breaks, Defendants did not pay required premium wages in violation of California law. Similarly, Defendants did not provide Plaintiff and the class members with required rest breaks, or with compensation in lieu thereof, as required by California law. Plaintiff and the class members also were required to use their own vehicles to to patients to their doctor's visits, but Defendants failed to reimburse them for use of personal vehicles and other reasonably necessary business expenses, including use of personal cell phones. Additionally, Defendants failed to provide accurate, itemized wage statements to Plaintiff and the class members, and failed to pay Plaintiff and the class members all wages due in a timely fashion upon termination of employment.

20. On April 30, 2018, the California Supreme Court issued its decision in *Dynamex Operations W., Inc., v. Superior Court,* No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that One Call drivers should be classified as employees rather than independent contractors under California law for the purposes of Labor Code statutes.

Under the "ABC" test adopted in *Dynamex*, in order to justify classifying these workers as independent contractors, Defendants would need to prove that its workers perform services outside its usual course of business, which it cannot do. Likewise, Defendants could not satisfy its burden to prove that these workers have been engaged in an independently established trade, occupation, or business, as they perform work for Defendants. Additionally, Defendants could not satisfy its burden to demonstrate that the drivers have been free from Defendant's control and direction, both under contract and in fact. As such, Defendants have willfully continued to misclassify its employees as independent contractors. Plaintiffs are workers who perform services in the Defendants usual course of business. Plaintiffs drive patients to the hospital and ensure that they arrive to appointments safe and on time. This work, is the exact work that Defendants engage in. Workers are not engaged in an independently established trade, occupation, or business as they all drive and that is the same overall work that the Defendants business. Plaintiffs and those similarly aggrieved and class members are drivers who have not been free from Defendant's control and direction, both under contract and in fact. Defendants are employers who tell the drivers exactly where to go and what to do.

**FIRST CAUSE OF ACTION**

**(Unpaid Minimum Wages and Liquidated Damages -- Labor Code §§ 1194 and 1194.2)**

**(Against All Defendants)**

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20.

22. California law provides employees in California must be paid for all hours worked, up to forty per week or eight per day, at a regular time rate no less than the mandated minimum

wage. Plaintiff and the Class Members regularly worked for Defendants and they did not compensate them at a legal rate. Specifically, Defendants pay an hourly rate that is below the California state minimum wage and the local Los Angeles minimum wage. Plaintiff was misclassified as an independent contractor, and was paid an hourly rate of $10.00 an hour and was not compensated for every hour that he worked as the hourly rate did not kick in until after the first hour of waiting for a patient at the doctor's office. Plaintiffs were required to work hours and was not compensated for them on a daily basis. Plaintiffs did not receive compensation unless the worked for one hour every time they worked a shift. Therefore, the failure to pay all hours worked and the low hourly wage, didn't add up to the minimum wage. Additionally, Plaintiff and the Class Members worked through all or part of meal periods without being compensated for those hours worked as Defendants did not provide a thirty-minute meal period. This took place every shift, as Plaintiffs were unable to leave patients while they were being seen by Doctors. As a result, Defendants failed to pay Plaintiff and the Class Members for all hours worked at a rate no less than the applicable minimum wage.

23. Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Class Members are entitled to recover all unpaid minimum wages and liquidated damages, plus attorney's fees and costs, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**(Failure To Pay Minimum Hourly Rate – § 187.02 of Article 7 of Chapter XVIII of the Los Angeles Municipal Code was $10.50)**

**(Against All Defendants)**

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24.

25. At all relevant times, Defendants failed to conform their pay practices to the requirements of the law as follows:

26. The minimum hourly rate effective July 1, 2016 for employers with 26 or more employees, including Defendants, pursuant to section 187.02 of Article 7 of Chapter XVIII of the Los Angeles Municipal Code was $10.50, and was increased on July 1, 2017

8

to $12.00. Effective July 1, 2018, the minimum hourly rate was increased to $13.25, and was increased again on July 1, 2019 to $14.25.

27. Defendants, at all times subsequent to the effective dates of set forth above, compensated Plaintiff and the Class Members by paying them lower wages than those required by this Article of the Los Angeles Municipal Code for each hour worked. Defendants' actions resulted in the Class Members not receiving the compensation required under the Los Angeles Municipal Code. Plaintiffs were required to work hours and was not compensated for them on a daily basis. Plaintiffs did not receive compensation unless they worked for one hour every time they worked a shift.

28. Plaintiff alleges that at all times material herein Defendants have been and are aware of Article 7 of Chapter XVIII of the Los Angeles Municipal Code, which sets the minimum rate of pay for "Employers with 26 or more Employees," as defined herein, but has nevertheless engaged in systematic, knowing and flagrant violations of these laws. Defendants' failure to pay the proper wages at the required hourly wage rate was willful. Plaintiff and the Class Members had their rights violated and are aggrieved. Accordingly, under section 188.07 of Article 8 of Chapter XVIII of the Los Angeles Municipal Code, Defendants are liable to Plaintiff and the Class Members for the payment of wages unlawfully withheld and an additional penalty of $120 per day that each of the violations had occurred or continued, reasonable attorneys' fees and costs, and injunctive, equitable and restitutionary relief.

///

## THIRD CAUSE OF ACTION

**(Unpaid Overtime – Labor Code § 1194)**

**(Against All Defendants)**

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28.

30. Employees in California must be paid overtime, equal to one and a half times the employee's regular rate of pay, for all hours worked in excess of forty per week or eight per

workday unless they are exempt. Plaintiff and the Class Members, who were non-exempt employees, regularly worked more than forty hours per week, eight hours per workday, and/or in excess of seven consecutive days, but were not paid all overtime wages and double time wages due and owing under California law.

31. Defendants violated California's overtime laws by, among other things, failing to correctly calculate, or record at all, the total number of hours worked by Plaintiff and the Class Members, and not paying proper overtime rates for all overtime worked. Defendants failed to incorporate all forms of non-discretionary pay for purposes of calculating the owed overtime rate.

32. Defendants failed to compensate Plaintiff and the Class Members for all hours worked by, among other things, editing the time clock to the benefit of the employer. Plaintiff and Class Members' workdays were not properly reflected after defendants edited their hours. Additionally, Plaintiff and the Class Members worked through all or part of meal periods without being compensated for those hours worked as Defendants had no meal period policy. As a result, Defendants failed to pay Plaintiff and the Class Members for all overtime hours worked at the proper premium wage. Plaintiffs were required to work hours and was not compensated for them on a daily basis. Defendants consistently did not pay for all hours, therefore, not accurately accounting for all hours worked and not properly counting overtime hours. Plaintiffs did not receive compensation unless they worked for one hour every time they worked a shift, this also prevented Plaintiffs from accruing hours to get an overtime rate.

33. Pursuant to Labor Code section 1194, Plaintiff and the Class Members are entitled to recover all unpaid overtime and double time wages, plus attorney's fees and costs, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Meal Periods or Compensation in Lieu Thereof –**

**Labor Code § 226.7)**

**(Against All Defendants)**

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33.

35. Under the Labor Code and IWC Wage Orders, Defendant was required to provide Plaintiff and the class members with one 30-minute meal break free from all duties for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so. If the employer fails to properly record a valid meal period, it is presumed no meal period was provided. Every time Plaintiffs worked; they were not given the opportunity to take meal breaks. Defendants did not permit him to take breaks and by virtue of his job, he was unable to take breaks when he had patients that he was waiting for. Defendant is unable to show or establish any time cards that have meal breaks Plaintiff was not given the opportunity to take a meal break during any shift and as such did not record any meal breaks taken.

36. Defendants failed to provide Plaintiff and the Class Members with all required meal periods, or with proper compensation in lieu thereof. As a result, under Labor Code section 226.7, Plaintiff and the Class Members are entitled to one additional hour's compensation for each day a meal break was missed, all in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**(Failure to Provide Rest Periods or Compensation in Lieu Thereof --**

**Labor Code § 226.7)**

**(Against All Defendants)**

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36.

38. California law requires an employer to authorize or permit an employee to take a

11

rest period of ten net minutes for every four hours worked, or major fraction thereof, and such rest periods must be in the middle of the four-hour period insofar as practicable. If the employer fails to provide any required rest periods, or fails to provide a fully compliant rest break for a net ten minutes wherein the employee is fully relieved of all duties and all employer control, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide a legally required and/or fully compliant rest period.

39. Defendants employed policies and procedures that ensured Plaintiff and the Class Members would not receive all legally required rest periods, as Defendants did not authorize and permit all required rest periods in strict accordance to, and in compliance with, the timing requirements of all applicable Wage Orders. Defendants similarly employed policies and procedures that rendered rest periods non-compliant with the requirements of California law by, *inter alia*, failing to relieve Plaintiff and the Class Members of all duties and all employer control. Defendants further employed policies and procedures ensuring Plaintiff and Class Members did not receive premium wages to compensate them for workdays they did not receive all legally required and fully compliant rest periods. Plaintiffs were required to work hours and was not compensated for them on a daily basis. Anytime Plaintiffs were required to work shifts, they were not permitted to take breaks. Plaintiffs were required to wait for their patient regardless of the hours they worked prior. Each shift revolved around the needs of that particular patient and did not consider the Plaintiffs schedule or hours previously worked.40. Defendants failed to provide Plaintiff and the Class Members with all required rest periods, or with compensation in lieu thereof. As a result, under Labor Code section 226.7, Plaintiff and the Class Members are entitled to one additional hour's pay at the regular rate of compensation for each day a rest break was missed, late or interrupted, all in an amount to be proved at trial.

## SIXTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements – Labor Code § 226)**

**(Against All Defendants)**

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40.

42. The California Labor Code provides that, at the time of each payment of wages, the employer must provide each employee with an itemized statement showing, among other things, gross wages earned, total hours worked, all deductions taken, net wages earned, the inclusive dates for which the employee is being paid, the employee's name and last four digits of the employee's social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and all hours worked at each rate.

43. Defendants knowingly and intentionally failed to provide Plaintiff and the Class Members with proper, itemized wage statements as the wage statements provided do not accurately state, among other things, gross wages earned, total hours worked, net wages earned, all applicable hourly rates in effect during the pay period and all hours worked at each rate. As a result of Defendants' violations of various Labor Code and Wage Order provisions, as discussed herein, including but not limited to Defendants' incorrect calculation of Plaintiff and Class Members' regular rate for purposes of overtime, and failure to provide Plaintiff and Class Members with timely and uninterrupted meal periods or proper premium compensation in lieu thereof, Defendants failed to provide accurate wage statements in violation of Section 226.

44. Accordingly, under Labor Code section 226, Plaintiff and the Class Members each are entitled to statutory penalties in the amount of $50.00 for the initial pay period in which a violation occurred, and $100.00 for each subsequent pay period in which a violation occurred, up to an aggregate penalty of $4,000.00, plus attorney's fees and costs, all in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**

**(Failure to Reimburse Expenses– Labor Code § 2802)**

**(Against All Defendants)**

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44.

46. California Labor Code section 2802 provides an employer shall fully reimburse an employee for all reasonable and necessary expenses incurred in the performance of the employee's job duties. Plaintiff and the class members regularly incurred expenses including, inter alia,

13

1  automobile mileage and related expenses and cell phone expenses, in the performance of their job
2  duties, which expenses were not fully reimbursed by Defendants.  Plaintiffs were required to use
3  their own vehicles to pick up patients and drive them to their appointments.   Plaintiff would pick
4  up patients in his own vehicle.  He accrued miles every time he picked up a patient as well as wear
5  and tear on his car.  He was not compensated for this.  Plaintiffs were also required to use their cell
6  phones to download and access the application to determine their daily schedule.  Plaintiffs were
7  also expected to use their own phones to receive calls and text messages from patients when they
8  were either inside the facility during their appointment or before for pick up confirmation.  Plaintiff
9  routinely would use the application on his phone to pick up shifts and would call patients to ensure
10 that they were ready for appointments.  He would additionally allow patients to contact him on the
11 phone while he was waiting for them during medical visits.
12      47.    Plaintiff and the class members are entitled to reimbursement for their necessary
13 business expenses, plus attorney's fees and costs, all in an amount to be proved at trial.

## EIGTH CAUSE OF ACTION

**(Violation of Unfair Competition Law – Bus. & Prof. Code §§ 17200, *et seq*.)**

**(Against All Defendants)**

17      48.    Defendants' failure, inter alia, to pay all wages due, failure to provide all required
18 meal and rest breaks or compensation in lieu thereof, and failure to reimburse expenses, all in
19 violation of the Labor Code and Wage Orders constitutes an unlawful, unfair or fraudulent business
20 act or practice, in violation of Business & Professions Code sections 17200, *et seq.*
21      49.    Pursuant to Business & Professions Code section 17203, Plaintiff and the Class
22 Members are entitled to restitution of all unpaid wages and other sums owed, plus attorney's fees
23 and costs, in an amount to be proved at trial.

## PRAYER

25      WHEREFORE, Plaintiff prays for judgment against each Defendants, jointly and severally,
26 as follows:
27      1.    For compensatory and liquidated damages according to proof;
28      2.    For an order that Defendants make restitution of all amounts wrongfully withheld

14

from Plaintiff and the class;

3.     For pre-judgment interest as permitted by law;

4.     For reasonable attorney's fees and costs of suit; and

6.     For such other and further relief as the Court deems just and proper.

Dated: October 6, 2020            CROSNER LEGAL, P.C.

                                        Michael Crosner
                                        Zachary Crosner
                                        Attorneys for Plaintiff CHARLES DAWSON

# DEMAND FOR JURY TRIAL

Plaintiff CHARLES DAWSON demands a trial by jury on all claims so triable.

Dated: October 6, 2020                         CROSNER LEGAL, P.C.

_[signature]_

Michael Crosner
Zachary Crosner
Attorneys for Plaintiff CHARLES DAWSON

PROOF OF SERVICE
*CHARLES DAWSON vs. ONE CALL MEDICAL, INC.*
SOUTHERN DISTRICT OF CALIFORNIA Case No. 3:20-CV-01188-LAB-KSC

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 433 N. Camden Dr., Ste. 400, Beverly Hills, CA 90210.

On October 6, 2020, I served true copies of the following document(s) described as

**FIRST AMENDED CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL**

on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☒ By CM/ECF: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☒ BY (Federal) I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the above is true and correct.

Executed on October 6, 2020, at Los Angeles, California.

_____
Maria Monterrey

**PROOF OF SERVICE**
CASE: 5:20-CV-00509 JGB (KKX)

1

| | | |
|---|---|---|
| 1 | SERVICE LIST *CHARLES DAWSON vs. ONE CALL MEDICAL, INC.* | |
| 2 | *SOUTHERN DISTRICT OF CALIFORNIA Case No.  3:20-CV-01188-LAB-KSC* | |
| 3 | JOSHUA S. LIPSHUTZ | Attorneys for Defendant |
| 4 | **GIBSON, DUNN & CRUTCHER LLP** 555 Mission Street, Suite 3000 | One Call Medical, Inc. and Align Networks, Inc. |
| 5 | San Francisco, CA 94105-0921 Telephone: 415.393.8200 | |
| 6 | Facsimile: 415.393.8306 jlipshutz@gibsondunn.com | |
| 7 | | |
| 8 | CHRISTINE DEMANA **GIBSON, DUNN & CRUTCHER LLP** | |
| 9 | 2001 Ross Avenue, Suite 2100 Dallas, TX 75201-2911 | |
| 10 | Telephone: 214.698.3100 Facsimile: 214.571.2900 | |
| 11 | cdemana@gibsondunn.com | |
| 12 | AMINA MOUSA | |
| 13 | **GIBSON, DUNN & CRUTCHER LLP** 3161 Michelson Drive | |
| 14 | Irvine, CA 92612-4412 Telephone: 949.451.3800 | |
| 15 | Facsimile: 949.451.4220 amousa@gibsondunn.com | |
| 16 | | |

**PROOF OF SERVICE**
CASE: 5:20-CV-00509 JGB (KKX)

2